```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division

PRECISION FRANCHISING, LLC,    )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:06cv505 (JCC)
                               )
IRA A. STARR, et al.           )
                               )
     Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Motion of the Defendants, Ira and Barbara Starr, to dismiss the complaint for improper venue pursuant to 28 U.S.C. § 1406(a), or in the alternative, to transfer venue to the Southern District of West Virginia pursuant to 28 U.S.C. § 1404.  For the reasons stated below, the Court will deny the motion.

**I.  Background**

Plaintiff Precision Franchising is a Virginia Limited Liability Company and the successor in interest to Precision Tune Auto Care, Inc. ("PTAC").  Precision Franchising is owned in its entirety by Precision Auto Care, Inc., a Virginia corporation. The principal place of business for both Precision Franchising and Precision Auto Care, Inc. has been Leesburg, Virginia, located in Loudoun County.  Defendants Ira and Barbara Starr are citizens of and reside in the State of West Virginia.

Plaintiff's Complaint in this action alleges a breach

of contract on the grounds that Defendants have violated a franchise agreement between the parties.  Specifically, Plaintiff alleges that Defendants have refused to allow Precision Franchising to exercise its option to purchase all property associated with the franchised business after the Franchise Agreement has terminated.  Defendants have filed a motion seeking to dismiss the action based on improper venue in the Eastern District of Virginia, or in the alternative, to transfer the action to the Southern District of West Virginia.  This motion is currently before the Court.

## II.  Standard of Review

A.  Motion to Dismiss

Section 1406(a) of Title 28 of the United States Code permits dismissal of an action where venue is improper.  In a civil action in which jurisdiction is founded only on diversity of citizenship, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  However, where the parties have previously agreed on a forum through a forum selection clause, courts must "enforce [a] forum clause specifically unless [the party avoiding

enforcement can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

### B.  Motion to Transfer

Section 1404(a) addresses motions to transfer.  With respect to transfer, the relevant portion of the statute instructs that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  This rather ambiguous standard has been interpreted to require consideration of the following four factors: (1) the plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice.  *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1256-62 (E.D. Va. 1988).  The interest of justice factors include such circumstances as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).

3

Notably, in weighing the factors in a § 1404(a) analysis, a district court should consider the presence of a valid forum selection clause as central to the calculus, weighing heavily in favor of the contractual forum. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### III. Analysis

Defendants argue that venue in the Eastern District of Virginia is improper under 28 U.S.C. § 1391(a) and therefore should be dismissed. In the alternative, Defendants argue that this litigation should be transferred under 28 U.S.C. § 1404(a) to the Southern District of West Virginia based upon convenience to the parties and witnesses. *Id.* at 12. This Court will address both of these motions.

A. Motion to Dismiss

Before reaching the question of whether venue is proper under 28 U.S.C. § 1391, the Court must first determine whether venue would be proper by virtue of the parties' previous agreement on a forum through a forum selection clause. To make this preliminary determination, the Court must analyze the validity of the forum selection clause contained in the Franchise Agreement. If the forum selection clause is valid and should be enforced, then venue is deemed to be proper in the chosen forum and dismissal is inappropriate. Conversely, if the forum selection clause should not be enforced, the Court must then

independently analyze whether venue was laid properly in this district under 28 U.S.C. § 1391(a). Therefore, the Court must first address the validity of the forum selection clause.

On or around November 30, 1995, Defendant Ira Starr entered into the Franchise Agreement with PTAC that includes a forum selection clause calling for venue to be in Virginia. It provides:

> The parties agree that any action brought by either party against the other in any court, whether federal or state, shall be brought in the Commonwealth of Virginia . . . and do hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Supreme Court stated that courts are to "enforce [a] forum clause specifically unless [the party avoiding enforcement can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15. Consistent with the Supreme Court's view, the Fourth Circuit has held that "absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced." *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir. 2002).

In the instant case, the Defendants have not provided any argument addressing the chosen forum as unreasonable or that

the forum selection clause is the product of fraud, unequal bargaining power, or overreaching.  In fact, the Defendants completely omit any mention of the forum selection clause in their original motion and it is only mentioned briefly in their rebuttal.  Even then, the Defendants do not contend that the forum selection clause is invalid or unenforceable, but simply that it is not dispositive and that inconvenience to the Defendants requires a transfer under § 1404(a), which is a completely different inquiry from whether venue is improper.

In consideration of the language of the forum selection clause, the Supreme Court precedent favoring such clauses, and the absence of any argument from the Defendants to the contrary, this Court has no reason to find that it is unreasonable, unjust, or the product of fraud.  Therefore, venue is proper in the Eastern District of Virginia by virtue of the forum selection clause, and the Plaintiff's motion to dismiss for improper venue is denied.  In light of this Court's decision that venue is proper by virtue of a valid forum selection clause, this Court need not reach the issue of whether venue is independently proper under 28 U.S.C. § 1391.

**B.  Motion to Transfer**

In the alternative, Defendants argue for a transfer of this litigation to the Southern District of West Virginia under § 1404(a).  In ruling on a motion to transfer, a forum clause

figures "centrally in the district court's calculus," although it is not completely dispositive. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A party may still seek to transfer venue to another forum based upon the § 1404(a) factors of: (1) the plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256-62 (E.D. Va. 1988). However, in light of the valid forum selection clause, these factors must weigh heavily in favor of transfer. The Court will briefly examine these four factors with respect to this case.

### *(1) Plaintiff's Choice of Venue*

A plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate, especially when the chosen venue is his home forum or the contractual forum in a forum selection clause. *See, e.g., Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1946). Precision Franchising has selected its home forum as venue since its principal place of business is located in Leesburg, Virginia, within the Eastern District of Virginia. Additionally, as stated before, the contractual forum in the forum selection clause is also the Eastern District of Virginia. Therefore, the

Plaintiff's choice of venue weighs significantly in favor of the plaintiff and against transfer.

*(2) Witness Convenience and Access*

This factor is often the most important in balancing for a potential § 1404(a) transfer, but the influence of this factor may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony.  The Defendants provide no reliable information identifying the witnesses or describing their testimony, nor do they offer any reasons why a witness may be unavailable if trial is held in the Eastern District of Virginia.  Without further information, the Court must conclude that this factor does not weigh in favor of transfer since precisely the same inconveniences would be experienced by the Plaintiff's witnesses if transfer were granted.

*(3) Convenience of the Parties*

Plaintiff, in this case, filed this suit in its home forum consistent with a previously agreed upon forum selection clause.  Defendants argue that they are inconvenienced by this litigation because they reside in West Virginia and their business is in West Virginia.  Similarly, however, West Virginia is an inconvenient location for Plaintiff to pursue their suit. Transfer to the Southern District of West Virginia, therefore, would simply represent a shift of the balance of inconvenience

from the Defendants to the Plaintiff.  As such, under these circumstances, the convenience of the parties does not weigh persuasively in favor of transfer.

*(4) The Interest of Justice*

This category is meant to include all those factors bearing on the suit other than convenience of witnesses and the parties.  Such factors include: the pendency of a related action, a court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the possibility of harassment.  *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).  The Defendants assert that a related litigation in West Virginia mandates a transfer to the Southern District of West Virginia.  This argument is unpersuasive, however, since the Southern District of West Virginia has just recently granted a motion to transfer that related litigation to this district, the Eastern District of Virginia.  Therefore, the interest of justice does not weigh in favor of transfer.

In balancing these considerations, none of the factors weigh in favor of the Southern District of West Virginia as the proper venue in this case, and the Eastern District of Virginia is clearly the preferred forum.  This conclusion is further buttressed by the presence of a valid, unambiguous forum

9

selection clause and the recent transfer of the related litigation to this district.  In light of this balancing of § 1404 factors, the forum selection clause, and the recent transfer to this district, this Court hereby concludes this litigation should not be transferred to the Southern District of West Virginia and should remain in the Eastern District of Virginia.

### IV.  Conclusion

In conclusion, since the Defendants neither address the forum selection clause as unreasonable nor satisfy the burden for a transfer under § 1404(a) balancing, the forum selection clause in the Franchise Agreement between the Plaintiff and Defendants is enforceable and should be given controlling weight.  Consequently, venue is proper in the Eastern District of Virginia, and the Defendants' motion to dismiss, or in the alternative, to transfer will be denied.  An appropriate Order will issue.


August 22, 2006                     _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE